[Civ. No. 5088. Third Appellate District.—June 12, 1934.]

FREDERICK M. PAIGE et al., Respondents, v. H. J. REINECKE et al., Appellants.

Peter J. Youngdahl for Appellants.

W. D. Van Nostran for Respondents.

WEYAND, J., *pro tem.*—The plaintiffs and respondents are husband and wife, and prior to the occurrences hereinafter related were the owners of 160 acres of land in the Gila Valley, in the state of Arizona, which land they desired to sell. Plaintiffs were laboring under great financial embarrassments, which fact they made known to the defendants Reinecke and Burger.

Defendant Reinecke was a licensed real estate dealer and held a license as such from the California real estate division, and had filed with that department the usual bond required by law, with the defendant Hartford Accident and Indemnity Company, as surety for his good conduct as such real estate agent.

The defendant Burger was a real estate operative, and as far as herein revealed worked with and through the real estate office of defendant Reinecke in Glendale, California.

In the suit as originally brought, other defendants were named, but they were dismissed from the action.

█ The plaintiffs sued for moneys they claimed were fraudulently concealed and retained by Reinecke and Burger out of moneys paid for the Arizona lands owned by plaintiffs. They obtained a judgment in the trial court against the last-named defendants for the sum of $2,592, and as against the Hartford Accident and Indemnity Company for $2,000, on the said bond given by Reinecke to the real estate department.

Plaintiffs inserted an advertisement of their lands in a Los Angeles newspaper. A party not now connected with these transactions here involved made contact with the plaintiffs, and brought them to the office of Reinecke and Burger, where plaintiffs began negotiations with said last-named defendants. After several talks with these defendants the plaintiffs gave the said defendants two separate options; one being for $10 per acre and one being for the price of $22.50 per acre. According to plaintiffs' version the $10 was given first, but a sale thereunder fell through, and then, according to plaintiffs Reinecke and Burger suggested the giving of another option at the price of $22.50 per acre, and they suggested that plaintiffs would receive more for their land and the agents would get a larger commission. Reinecke and Burger at all times made it plain to plaintiffs that they had no money and could not buy the plaintiffs' lands.

After obtaining the $22.50 option, Reinecke and Burger, through another real estate dealer named Brown, obtained one E. F. Roof as a buyer for the lands at $22.50 per acre. This agent Brown had no interest, financial or otherwise, in the deal, but was acting gratuitously for Reinecke and Burger, and at the request of the latter.

On March 3, 1930, at about the hour of 1 o'clock P. M., said E. F. Roof was, through said agent Brown, induced to make his deposit of $22.50 per acre, or the full sum of $3,600 for the lands in question. This was accomplished through an escrow in the Bank of Italy in Glendale. Reinecke, Burger and Brown were present at the time of the said escrow and deposit, and all were aware of the amount of the deposit made by Roof.

Thereafter, and on that same day, Reinecke and Burger sent for the plaintiffs, and told plaintiffs that they could not make a sale of the lands at $22.50 per acre, but that they could make a sale for $8 per acre; that $8 was the most the buyer would pay. Plaintiffs were further told that there was to be no profit in the transaction for Reinecke and Burger, and that the plaintiffs were lucky to get said sum of money in cash. These defendants told plaintiffs that the buyer wanted the deal closed, as he was to leave that very evening for Chicago.

Under these representations and under these conditions the plaintiffs were induced to close the deal. When defendants Reinecke and Burger and the plaintiffs arrived at the bank, plaintiffs asked to see the escrow papers deposited by the buyer Roof. They were denied the right to see the escrow papers on the pretext that as the buyer Roof was not present it was improper that plaintiffs should see the Roof escrow papers.

Plaintiffs then executed the deed of the premises to Roof, and received the sum of $1280 out of the $3,600 deposited by Roof. A few days later the agent Brown turned over to Reinecke and Burger $2,320, the balance of the Roof deposit.

Appellants contend that as the only papers or writings given by plaintiffs to them were the $10 and the $22.50 per acre options, that Reinecke and Burger were not agents of plaintiffs, but that they were holders of agreements for the purchase and sale of real estate.

The testimony showed that Reinecke and Burger were not able to buy this land on their own account, and at no time did they pretend to act as buyers of the land, but on the contrary the testimony indicated clearly that at all times they were pretending to act as agents for the plaintiffs, and Reinecke and Burger knew that the Paiges so understood.

On the day when the sale was finally consummated, Reinecke and Burger did not proceed under either the $10 option, nor under the $22.50 option. They made sure that the deposit of $22.50 per acre, or the total sum of $3,600 had been made, and then they called up the plaintiffs, and on their arrival these defendants proceeded solely under a new oral agreement wherein and whereby they were obligated to turn over to plaintiffs the entire deposit made by

the buyer Roof. All the conversation indulged in at this time indicated most clearly that the defendants were pretending to act only in the capacity of agents for the plaintiffs.

We shall hold that the transactions as shown herein constituted the defendants Reinecke and Burger as agents for the plaintiffs in the sale of their lands, notwithstanding the fact that said defendants held the options referred to. These options they did not use in admeasuring any rights of plaintiffs. These defendants pretended to act as agents of plaintiffs, and while so pretending to act obtained possession of $2,320 that rightfully belonged to plaintiffs.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.